UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jin Yu CAO,
Feng Xin CHEN,
Yuan Tuan LI,
Yue Rong LIN,
Shuai ZHENG,

      Plaintiffs,

versus

Michael Mukasey, U.S. Attorney General,

      Defendant.

07 CV 11066

Docket #:

## COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

1.  This is an action for mandamus and declaratory judgment to compel Defendant to accept and adjudicate Plaintiff's motion to file successive asylum application, and declaring that, as a matter of due process, law, and fact, Petitioner is eligible to apply for asylum, withholding of removal, relief under Article III of the Convention Against Torture, and a stay of removal pending adjudication of such applications for relief. *See Ben Hui Zhu v. Ashcroft*, Docket No. 05-cv-00132 (S.D.N.Y. 2005) (government agreeing to stipulate in a case where the Immigration Court refused to accept petitioner's filing of a motion to file successive asylum application); (Exhibits B&C).

### JURISDICTION

2.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); this court also has jurisdiction under U.S.C. § 1361(Mandamus Act) and

2201 (Declaratory Judgment Act) and 5 U.S.C. § 701 et seq (Administrative Procedure Act). This Court may grant relief pursuant to U.S.C. § 1361, 2202, and 5 U.S.C. § 702 *et seq.*

## VENUE

3.   Venue lies in this Court under 28 U.S.C. § 1391(e), which is applicable to civil actions in which a defendant is an officer of the United States acting in his official capacity. Venue is proper under 28 U.S.C. §1391(e)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. *See also* 28 USC §112(b).

## PARTIES

4.   Plaintiff, Jin Yu Cao, is a native and citizen of the People's Republic of China ("China") who came to the United States to seek asylum protection.

5.   Plaintiff, Feng Xin Chen, is a native and citizen of China who came to the United States to seek asylum protection.

6.   Plaintiff, Yuan Tun Li, is a native and citizen of China who came to the United States to seek asylum protection.

7.   Plaintiff, Yue Rong Lin, is a native and citizen of China who came to the United States to seek asylum protection.

8.   Plaintiff, Shuai Zheng, is a native and citizen of China who came to the United States to seek asylum protection.

9. Defendant, Michael Mukasey, is the duly appointed Acting Attorney General of the United States, and as such is the official charged with the enforcement of the laws of the United States and the official charged with the administration of the Executive Office of Immigration Review ("EOIR") and its employees.

## FACTS

### Jin Yu Cao and Feng Xin Chen

10. Plaintiffs, Jin Yu Cao and Feng Xin Chen are husband and wife. They are natives and citizens of China who came to the United States to seek asylum protection.

11. Mr. Cao was ordered excluded by an immigration judge on February 22, 1996. The Board of Immigration Appeals ("BIA" or "Board") dismissed her appeal on November 7, 1996.

12. Ms. Chen was ordered excluded by an immigration judge ("IJ") on February 21, 1996. The BIA dismissed her appeal on September 30, 1996.

13. In September 2006, Mr. Cao and Ms. Chen file two separate motions asking the Board to remand their cases to the immigration judge. These two motions were later withdrawn.

14. Subsequently, Mr. Cao and Ms. Chen filed two motions to file successive asylum application with the Immigration Court located in New York, New York, but their motions were rejected and returned.

### Yuan Tuan Li

15. Mr. Yuan Tuan Li, a Chinese national and citizen, was ordered excluded by an immigration judge on July 21, 1995. He appealed that decision to the BIA, which

dismissed his appeal on April 4, 1996. Mr. Li later filed a motion to reopen, which the BIA denied on November 29, 2005.

16.     On May 1, 2007, Mr. Li filed a motion to file successive asylum application and motion to reopen based on changed country condition with the Immigration Court located in New York, New York. The court rejected and returned on June 6, 2007.

**Yue Rong LIN**

17.     Yue Rong Lin, a Chinese national and citizen, was ordered excluded by an immigration judge on October 1, 1996. He appealed that decision to the BIA, which dismissed the appeal on July 10, 1997. He filed a motion to reopen with the Immigration Court located in New York, New York on March 13, 2007. That motion was rejected and returned about a week later. Mr. Lin re-filed the motion immediately, but the Immigration Court again returned the motion.

18.     On April 18, 2007, Mr. Lin submitted to the BIA a motion to remand accompanied by a motion to file successive asylum application. That motion was later withdrawn on May 9, 2007.

**Shuai Zheng**

19.     Plaintiff, Shuai ZHENG, is a native and citizen of China. He fled China and came to the United States to seek asylum protection. He appeared before the immigration court located in New York, New York. The immigration judge ("IJ") granted voluntary departure on March 30, 1999. Mr. Zheng timely appealed that decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on March 14, 2002.

20.  Subsequently, Mr. Zheng moved the BIA to reopen his case due to changes in circumstances that materially affected his asylum eligibility. The BIA, however, denied that motion on September 20, 2007.

21.  Mr. Zheng then filed with the Immigration Court in New York, New York a motion to file successive asylum application on October 23, 2007. The New York immigration court rejected his filing and returned it to undersigned counsel's office on November 8, 2007.

## LEGAL GROUNDS FOR RELIEF

22.  Plaintiffs' motions to file a successive asylum application are expressly authorized by the statute. In general, an alien may only apply for asylum once. 8 U.S.C. § 1158(a)(2)(C). However, subsection (D) of that section provides an exception based on changed circumstances. 8 U.S.C. § 1158(a)(2)(D).

23.  This provision allows for the filing of a successive asylum application "if the alien demonstrate to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum." 8 U.S.C. § 1158(a)(2)(D).

24.  The regulation provides that exclusive jurisdiction is vested in the immigration judges after a charging document has been served on the alien and filed with the Immigration Court. 8 CFR §1208.2(b); *see also* 65 Fed. Reg. 76121 (Dec. 6, 2000). The regulation does not provide for an exception that may divest the Immigration Court of jurisdiction in such situation.

25. The BIA does not have original jurisdiction over a successive asylum application because it is an appellate body whose jurisdiction is narrowly delineated by the regulations. The regulation restricts the BIA's jurisdiction to "the review of those administrative adjudications under the Act that the Attorney General may by regulation assign to it." 8 CFR §1003.1(d)(1). The regulation provides for only two ways in which the BIA may acquire jurisdiction over a case: 1) appellate jurisdiction, and 2) jurisdiction by certification. 8 CFR §1003.1(b)&(c).

26. The BIA obtains appellate jurisdiction over decisions of the Service of an immigration judge when a Notice of Appeal is filed pursuant to 8 CFR §1003.3. 8 CFR §1003.1(b). Alternatively, it may obtain jurisdiction by certification if "[t]he Commissioner, or any other duly authorized officer of the Service, any Immigration Judge, or the Board may in any case arising under [8 CFR §1003.1(b)] certify such case to the Board." 8 CFR §1003.1(c).

27. The regulation, however, does not grant the BIA original jurisdiction over a successive asylum application filed pursuant to 8 USC §1158(a)(2)(D).

28. The Immigration Court unlawfully rejected Plaintiffs' successive asylum applications. While changed personal circumstances arising in the United States do not serve as grounds for a motion to reopen, they are nevertheless valid reasons to ground a successive asylum application. *Guan v. BIA*, 345 F. 3d 47, 49 (2d Cir. 2003) (noting "that the definition of such 'changed circumstances' provided by 8 C.F.R. § 208.4(a)(4) (2003) encompasses changed personal circumstances arising in the United States").

29. Indeed, in *Guan*, although the Court upheld the denial of the motion to reopen, it noted that the petitioner, who had two United States born children, could file a successive asylum application under 8 U.S.C. § 1158(a)(3). *Guan*, 345 F. 3d at 49.

30. Since jurisdiction properly lies with the Immigration Court, the Immigration Court unlawfully rejected Plaintiffs' asylum applications because an immigration judge was not given a chance to render a decision. Pursuant to 8 C.F.R. § 1003.37(a), an immigration judge's decision "may be rendered orally or in writing," and "[i]f the decision is oral, it shall be stated by the [IJ] in the presence of the parties and a memorandum summarizing the oral decision shall be served on the parties." Pursuant to 8 C.F.R. § 1240.12(a), the Immigration Judge's decision "shall also contain reasons for granting or denying the request."

31. The Immigration Court in the present cases failed to act in accordance with the law to accept and adjudicate Plaintiffs' successive asylum applications.

32. In another case that is factually identical to the present case, the government stipulated to remand the case and directed the Immigration Court to accept and consider the petitioner's claim on the ground that an immigration judge did not render a decision because the Immigration Court rejected the petitioner's asylum application at the window. *Ben Hui Zhu v. Ashcroft*, Docket No. 05-cv-00132 (S.D.N.Y. 2005); (Exhibits B&C).

## IRREPARABLE HARM

33. Plaintiffs face arrest, detention, persecution (in the form of involuntary sterilization or insertion of contraceptive device), and possible torture on account of their violation of China's one-child family planning policy. *See e.g., Zhao v. INS*, 265 F.3d 83,

92 (2001) ("China has repeatedly cracked down on those who resist forced sterilization.... [T]he PRC has inflicted harsh punishment on refugees who are returned, such as beatings and being sent to forced labor camps, and being sentenced to prison.").

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

34. Plaintiffs filed a motion to file successive asylum application to the Immigration Court. The motions were rejected by the Clerk's Office of the Immigration Court. The clerk of the court informed counsel for Plaintiffs that the motions and successive asylum application must be filed with the BIA if the BIA had previously made a decision unless the BIA ordered a remand. (Exhibit A).

35. The "rejection" of Plaintiffs' motion by the Clerk's Office cannot be appealed to the Board of Immigration Appeals as it is not a decision of an Immigration Judge.

## ENTITLEMENT TO ATTORNEY'S FEES AND COSTS UNDER EAJA

36. Plaintiffs are entitled to costs and attorney's fees associated with this action. Congress has authorized fee recovery by prevailing parties in the Equal Access to Justice Act. ("EAJA"). Under EAJA, the prevailing litigant is entitled to attorney's fees and costs if the government fails to show that its position was substantially justified or that special circumstances make an award unjust and (3) the requested fees and costs are reasonable. *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002) (citing 28 U.S.C. § d)(1)(A)). As there is no lawful basis for the rejection of Plaintiffs' successive asylum applications, the government's position is not substantially justified, and hence,

attorney's fees are appropriate. *See Ben Hui Zhu v. Ashcroft*, Docket No. 05-cv-00132 (S.D.N.Y. 2005); (Exhibits B&C).

## RELIEF SOUGHT

WHEREFORE, PLAINTIFFS PRAY THIS HONORABLE COURT:

I. That the Court enter an order compelling Defendant, the Attorney General, to direct the Immigration Court to accept their Motion to File Success Asylum Application at the window and forward it to an Immigration Judge for adjudication; and

II. That the Court enter an order declaring Plaintiffs eligible as a matter of law and fact to have their applications for asylum, withholding of removal, and relief under Article III of the Convention Against Torture adjudicated, in a full merits hearing before the Immigration Court and

III. That the Court grant attorneys fees under the Equal Access to Justice Act; and

IV. That Plaintiffs be granted any other relief deemed just and proper by the Court.

Dated: New York, New York
December 4, 2007

_____
Theodore N. Cox. (NY State # 1885979)
Attorney for Plaintiffs
401 Broadway, Suite 701
New York, NY 10013
(212) 925-1208